The next argument is in Aectra Refining v. United States, Appeal 2008-1356. Mr. Mitri, good morning to you. Welcome to the Court. Good morning, Your Honor. This is my first time here. I appreciate it. My name is Michael Mitri. I'm a beloved friend of Alan Mitri, Counselor for Plaintiff Appellant, Aectra Refining and Marketing, Inc. For you to win, don't we have to say that subsection R of the statute can't apply to people claiming retroactive benefits under the 2004 amendment? That's not necessarily the result, Your Honor. What I would contend is that the two statutes can be read together and that Aectra and clients similarly situated in fact satisfied 1313R1 by completing their claims based upon the state of the law when the claims were filed. I thought that subsection R prevented new claims, new entries, or amendments to previously filed claims or entries at the expiration of three years. Yes, Your Honor. It would prevent amendments per se subject to further discussion here. I would contend that these are not amendments of claims, however. We are taking advantage of a right conferred by Congress to our claims that fall within the class. I'm having trouble seeing why R doesn't block you unless you can show that under the amendment R is impliedly repealed for a certain category of claimants. I'll explain this way, Your Honor. I'm off my notes, so forgive me if I catch my breath a little bit. 1313R1 does not require claimants to claim drawback per se within a set period of time. They require claimants to complete their claims within a period of time. That period of time is within three years in the date of exportation. The completion of the claims, which is what R1 requires, must be accomplished within three years and must be based upon the laws then in effect to determine whether the claims are complete. In this case— R doesn't say that, but you're saying that that logically would be the right way to view it. A drawback entry and all documents necessary to complete a drawback claim must be filed or applied for within three years after export. What you're arguing is that even if you lose on the statute, even if we reject your construction of the statute, you still did what was necessary to file a claim under the regulations. Your Honor, we did everything we possibly could. That's the argument, right? You have two arguments, one the statute and one that even if your construction of the statute is rejected, you still win because you complied with the three-year provision. Is that correct? I don't know if I would state it that way, Your Honor. My apologies. Why not? Which statute are you referring to in the first place? R1? R. R. Even if we reject your argument with respect to R. Right. We agree with the government. You're still saying we satisfied the three-year requirement under the regulations. No? Correct, but I would say that the three-year requirement is R. I don't distinguish between the two. The government has taken the statute, R, and attempted to distinguish between claims for import duties and claims for taxes and fees as though the claim weren't the claim. I thought the claim had to include a calculation. So if I file an entry and a claim based only on duties, the calculation is going to result in dollar amount A. But if I'm attempting to include harbor maintenance taxes and the fees, then the calculation is going to be different because it's going to include the sum of amounts A, B, and C. Correct. So you're now trying to claim fees and harbor maintenance taxes as well as the dues. I don't understand how you can do that without amending your claim to add those in. Can I walk through the regulatory analysis, please? 1313R1 requires the completion of the claims. According to Section 191.51B of the regulations, the correct calculation of the amount due is a required element of a complete claim. In order to have a complete claim, you must correctly calculate the amount due. At the time that Exera filed these claims, the correct amount due was the import duty amount. In fact, taxes and fees were proscribed from recovery. Well, your argument is stated a little strangely, but what I understand you to be saying is that the calculation requirement of the regulations is only referring to the calculation of the duty, and that there's no requirement that you submit a calculation with respect to taxes that are associated with the duty. Correct, Your Honor. Not only was it a requirement, but the structure of the regulations was to prevent such calculations from submission. To submit such calculations would have resulted in an excessive duty refund amount. But basically what you're saying is that word calculation, that whole subsection B of the regulation is referring to calculation of the duties, and it's not telling you what you have to do with respect to the associated taxes. I would say correct, although I would infer from 191.3B as well that it's instructing us not to claim taxes and fees, for to do so would result in an excessive claim amount. An excessive claim amount is an incorrect amount by regulation. Incorrect amount leads to an incomplete claim for R1 purposes, and an incomplete claim is subject to customs rejection, not even denial. Now what about the government's position, which seems to be that in allowing retroactive effect, Congress wasn't overruling other sections of the statute or regulations, but was assuming they would still apply, and therefore the retroactive benefit would not be available to everybody, but only to people who complied with those other provisions, which include the three-year limit on amending. The three-year limit on claim completion, and I agree with that position. And I contend, based upon further laid out in the briefs, that we completely satisfied the quote-unquote three-year rule with respect to these claims. The conferral of an additional benefit later by the 2004 Trade Act… Congress amended the law in 2004. So the government's argument seems to be Congress only intended to benefit those people who, for example, filed their entries and claims in 2003, only one year before the statutory revision, and therefore had two years left under the three-year deadline to amend the claims and the entries and the other papers in order to add in the fee and the harbor maintenance tax, and that you are not in that group. You're in a group as to whom the three-year period has expired, and therefore you're in the group that Congress didn't intend retroactively to benefit. Your Honor, the effective date language for the 2004 Trade Act has two provisions. Prospective provision with respect to… We all agree that doesn't apply. So the second part applies. But I will say this. In filing for drawback, you do have three years in the date of exportation to submit or amend claims. So in reality, the prospective provision for the effective date allows claimants to look back three years from the 2004 Trade Act to amend or jiggle with claims that are within that three-year period. So the prospective effective date provision, in fact, has a retroactive element to it. The retroactive piece, the piece that applies to prior claims, what else could it mean? What else could it possibly mean? Could it mean that Congress intended that only those claimants who ignored the regulations and, despite the prohibition for tax and fee refunds, submitted tax and fee refund requests at the risk of exceeding the allowable amount? Well, wait a minute. It's not quite that simple. In our export decision, we said that the fees were subject to drawback, and that was back in what? November 1999. 1999. So why couldn't you, within three years of then, have amended your entries and claims to add the fee? The tax port provision did not instruct as to its application, and by November 1999, we were past three years from that point anyway. Wait a minute. You have the Court of Appeals declaring what the law is, and it can't be that a contrary regulation trumps the court decision. We're not trying to trump the court decision, Your Honor. But then why didn't you follow it and amend your claims, at least as to the fees, promptly upon reading the tax port decision that made the fees recoverable? I was very close to the tax port decision. We've been doing this for a long time. I will say that that raises a couple of other points as well. The right to recover merchandise processing fees only occurred or only was recognized in November 1999 with this Court's decision. The right to taxes only was recognized with the change in the law in December 2004. How can our clients, who filed their claims years earlier, be responsible for knowing what changes would come down the pike more than three years after their exports? That's why I only asked about the fee. You have a different argument and a much stronger argument as to the harbor maintenance tax. But as to the fee, you were on notice back in 1999 that the fee was claimable. You were within three years of export, and therefore you could have amended, but you didn't amend. So as to the fee, why shouldn't we say too late? It didn't act in time to preserve your position. Well, to the extent that we were within three years from export in November 1999 when the tax port came out, it did not submit some paper to the government seeking fees. There may be a point there. I haven't done that breakdown of analysis. Okay, then as to the harbor maintenance tax, you seem to be saying that the first part of the applicability provision would have protected people who could have acted three years backwards from December of 2004, the date of the amendment. Right. And I guess I'm understanding you to say, therefore, the other provision, in order to include anybody else, can't be bounded by the three years. Is that right? No, Your Honor. I wouldn't say that. I'm sorry. We're trying to construe a provision that hasn't been construed in this Court before 1313R1. Simply, R1 requires the completion of a claim, and the completion of a claim must be determined based upon the law when the claim is filed. When we filed these claims, we completed these claims. In fact, Customs liquidated and approved these claims as filed, therefore stamping their completion. The 2004 Trade Act— Your argument is, forget the 2004 Trade Act. I still win. That's your argument, because I filed in a timely way, regardless of the 2004 Trade Act, because the calculation requirement doesn't apply to tax calculations. It only applies to duty calculations. I would agree with that position as well, Your Honor. It doesn't follow as neatly from the structure of the regulations in the statute. But the calculation requirement, in effect, when we filed these claims, applied only to import duties. And the regulations provided, don't you dare claim more than the import duties. Don't claim taxes and fees. They're not subject to drawback allowance. Why don't you retain the rest of your rebuttal time, two minutes, and we'll hear from the Governor. Thank you. Thank you. Ms. Hogan, good morning. Welcome back to the Court. Thank you, Your Honor. Good morning. May it please the Court. The trial court's judgment— Let me ask you a question. I think you've got a very strong argument about the construction of the 2004 Trade Act. Let's assume you're right about that, okay? It still seems to me that you've got a problem, because you're relying, in terms of saying that the three-year statute had run, you're relying on this regulation, which is quoted at page 30 of the blue brief. And you're saying they didn't make the calculation that was necessary to comply with the three-year statute. The problem I'm having is when you read that subsection of the regulation, referring to the calculation, I think it's ambiguous as to whether it's referring, A, to the calculation of duties only, or whether it's, B, referring to the calculation including duties and taxes both. So help me. Has Customs construed its own regulation so that we know that it's referring to the entire calculation and not just the duty calculation? Your Honor, it would seem that it would— Do you understand what I'm saying? I believe I do. I think it would only make sense if the calculation requirement applies to all duties, taxes, and fees that are being requested by the importer. How does it make sense when they couldn't have requested it previously because it wasn't eligible for drawback until the law was changed? Well, we're speaking just specifically about the Harbourmanians tax, Your Honor. When they filed in 1999, it was Customs' position that neither the fees nor the tax were recoverable, right? And you can read this regulation as saying you have to make a calculation of the duty, and if you claim anything more than the duty, we're going to reject your calculation, your claim. Well, I would answer that two ways, Your Honor. First, as a matter of this particular case, if the Court looks at, for example, on page 34 of the Joint Appendix, one of the sample drawback entries which ECTRA filed, ECTRA, in fact, claimed more than 99 percent of import duties. It claimed 100 percent, which was more than it was statutorily entitled to, and Customs did not reject its entry. It merely said— Yeah, but you're not responding to my question. My question is, how do we know how to construe the calculation requirement? Does it apply to the entire claim, duties plus taxes, or does it apply only to the duties? How do we know? If I conclude that this regulation is unclear on its face, where do I look to resolve my interpretive doubt as to what the regulation means? Well, what I would look to, Your Honor, and we did point this out in one of our footnotes, is the Federal Register Notice accompanying the issuance of that regulation, which Customs— The 2001? No, the— The 1999. Let me find it. 1998. It was on footnote 10 of page 12 of our brief. And what Customs said there is that the reason that there is a calculation requirement is that Customs is not going to be responsible for telling the importer what is owed under law. And, in fact, if the importer requests less than what it could be, the maximum entitlement under the statute, Customs is going to say— Yeah, but Chief, that doesn't tell you whether it's referring to duties only or duties plus taxes. Well, certainly at the time it was enacted, before this court in Texport said the NPF was eligible, it could only have applied to duties. But after— That's the problem. That's the problem. So why, if the regulation only applied to duties, how can they be faulted for failing to submit a calculation that included the fees and taxes? Prior to this court's decision in Texport, there may be an argument that it couldn't have. As we explained in our brief, even administrative futility, however, does not excuse a failure to preserve its claim. We know, going back at least as far as the Court of International Trade's decision— Well, they did file things. They did file the entry. They did file the associated documents. And they were refunded the entire amount that they requested. But in terms—I mean, it's not as though they sat around and did nothing. They submitted some documents, and you're saying, well, you didn't comply with the three-year statute for one reason and one reason only, and that's you didn't submit the calculation, right? Well, another way to answer your question— But isn't that correct? The only reason that you say that you should prevail on this point is that they had to submit a calculation that included the fees and taxes. Correct? That's correct. But I think our position is saved by the fact that the 2004 Trade Act simply did not intend for importers— But I say, put aside the 2004 Trade Act. You still have to get us to agree with your interpretation of calculation as applying not just to the duties but also to the taxes. And you seem to agree that in 1999, customs itself didn't read this regulation as covering the taxes and fees but only as covering the duties. Well, to be clear, the reason that customs, prior to this Court's text court decision, took that position—it was customs' position that it was substantively not entitled to refund HMT and MPF. Clearly, after this Court's decision in 1999, customs had to concede that it would refund MPF, and it did. And we know that there were importers who did timely make claims for HMT and MPF, and we know that, for one, based on the 2005 headquarters ruling that was cited in our brief, and because customs has currently stipulated several judgments in the Court of International Trade based upon the 2004 Trade Act, that there were a class of importers who either were still within the three years of export and could amend their claims or who had made claims for—the problem with this case is that— Isn't there a headquarters ruling that says that in 1999, this regulation meant that you had to submit a calculation that included both duties and taxes? Not that I'm aware of, Your Honor. Isn't it clear that if I had filed in 1998 and asked for drawback on the fees, customs would have said, No, you don't get drawback on fees, only on duties. You shouldn't be asking for that. It shouldn't be part of your calculation. Therefore, your calculation is inaccurate. We're not going to act on it. Well, as we explained— That's a yes or no question. Customs would have denied the claim for HMT and NPF based upon the substantive law at that time. There's nothing in the evidence in this case or anything that suggests that customs would not have nonetheless refunded their import duties if those were properly claimed. I thought you were folding them for not asking for the fees.  Pardon? But when they filed their entries, the court and tech court hadn't acted yet. And therefore, nobody thought fees were subject to drawback. And therefore, if I had filed asking for drawback, the government would have said, Get lost. You're not eligible for drawback. It's not covered by this drawback law. So it sounds like you're folding them for not having done something that either would be nonsensical and futile, or you're folding them for not having anticipated the decision of this appellate court that changed customs to you and said, Well, actually, the fees are refundable. And that seems very harsh. You know, you either want them to do something that's nonsensical and futile, or you want them to have to guess what this court might do when it finally decides an appeal. That seems like a very harsh position for the government to take. Well, certainly with respect to... Is there some third alternative? Or am I right that those are the only two justifications for your position? With respect to that particular argument, all the time, importers, and not simply in customs position, but in any sense where someone has a claim where a court has not yet ruled to say, Yes, you are entitled to the claim, parties preserve their rights by asserting their claims. But that's true. That's absolutely true. And the IRS rejects claims all the time. And if you think the IRS is wrong, you've got to preserve the argument. And the same thing presumably is true in customs. But in order to require people to preserve their arguments, you've got to have some language in the regulation. And the problem is, if you look at page 30 of the blue brief, that the first sentence, if that's all this regulation said, you'd be in good shape. It says drawback claimants are required to correctly calculate the amount of the drawback due. If it had stopped there, you'd have a good argument. You've got to correctly calculate the drawback. The fact that customs disagrees with you isn't a reason to eliminate the calculation. The problem is, you go on and read the rest of this regulation, and it seems to be referring only to the calculation of duties. And it says if your drawback claim is more than 99 percent or 100 percent in some cases, we're going to reject it, which seems to say that the calculation required doesn't extend to things other than duties. It doesn't extend to taxes and fees. That's the problem you've got. Well, I guess I would be saying the same things over again, so I don't want to repeat it too many times. But what the second sentence says is that the amount of drawback requested will generally be 99 percent of the import duties eligible for drawback. And it does not say that the claim is rejected. But it says claims exceeding 99 percent or 100 percent in some circumstances will not be paid until the calculations have been corrected. But that would have preserved their claim. But even if this Court doesn't agree with us on that position, if the Court agrees with us on the position with respect to the 2004 Trade Act, that's the end of the story. No, that's not true. You can win on the 2004 Trade Act, and you've still got to win on the calculation point. Well, we would respectfully disagree with that, Your Honor, because if the Court— If the Court finds that 1313R1 was not implicitly waived by the 2004 Trade Act, that unlike the 1999 Trade Act where Congress explicitly— They're saying fine. They're saying fine. It wasn't waived. We had to comply with our—we had to comply with a three-year statute. They're saying we did comply because we submitted the entry, we submitted the associated documents, and your argument that we had to submit a calculation that included the fees is simply wrong. We did what we needed to do to preserve the claim, even under your reading of the 2004 Trade Act. Well, the argument that they—there's no preservation of the claim because there was no request to customs within three years of export that they were asking for a drawback of HMT and MPF. And that's clear from the fact that they requested a sum certain from customs, and that sum certain did not include HMT and MPF. I know it seems like a harsh position, but that's the decision that Congress has made. I don't care whether it's harsh or not. I'm trying to find the language that says they had to do that. You can't just make it up out of the air. You've got to find it in your regulation. You're saying your regulation required a calculation. Show me where that calculation applies to the taxes and fees as opposed to the duties. It comes from the first sentence in that regulation says you must correctly calculate the amount of drawback, too. And generally, this is going to be 99 percent of import duties because at the time that the regulation was promulgated, HMT and MPF were not. Yeah, but whether it was 99 percent or 100 percent is not the issue. The issue is whether a regulation that only talks about import duties also embodies a requirement for taxes and fees. But it follows from the purpose of that regulation, which is that it's the importer's responsibility to tell customs what it is asking for. I'm having trouble finding it. The word duty appears three times. The word fees appears zero times. The word tax appears zero times. But you're nevertheless arguing that taxes and fees are required to be included in calculations to comply with this regulation. How can that be? I think it comes from the result of the application of that to the subsequent decisions that HMT and MPF were eligible for drawback. Certainly after, again, in 1999 when this court said MPF was eligible, customs did amend the regulation to further explain how to calculate MPF. But that's consistent with the prior requirement that customs will only refund what the importer asks for. Customs is not responsible for determining if there is anything supplemental or extra that the importer might be entitled to under statute that they haven't asked for for whatever reason. Do you agree that noncompliance with the regulation on page 30 of the blue brief is critical to your position for you to get an affirmance? That they would have to have not complied with the regulation? In other words, if we reject your argument about the regulation, can you win anyway under just the statute? Yes, Your Honor. How so? Because the requirement, simply because this court has to assume that 1313R1 and how customs has interpreted 1313R1 to include all the documents, the calculations, everything, their interpretation of amendments as promulgated in their regulations, that Congress intended that that be waived. And we know that Congress knows how to revive stale claims and permit claims that were not previously permitted. That's what Congress did in 1999. You're not responding to the question. What I'm trying to figure out is whether your position to prevail requires us to agree that the regulation would require the calculation to include fees and taxes as well as duties. As opposed to his argument, which is that this regulation doesn't apply and he complied with the requirements of filing within three years that is elsewhere in R, because he did file. So I'm trying to figure out whether if we agree with him, he wins, because you will only win if we agree with your interpretation of the REC. It would be anomalous to assume that the calculation requirement applied only to duties and not to fees. So then your answer is yes. We have to agree with you on your interpretation of the regulation in order to affirm. Yes. I just wanted to understand what your position was. Let's give a little bit of rebuttal.  Thank you, Your Honor. I can say this. Since the law was passed, whatever it was, 25 years ago, under this 1313JP that allowed for duties, taxes, and fees, Customs has fought the industry on the recovery of taxes and fees. I don't think that helps us. The question is whether you have something new to say in response to her argument. Yes, Your Honor. I would say this. That it's Customs' own regulations that prevented us from submitting calculations for tax and fee recoveries. Do you agree that if the regulation part B stopped after the first sentence, you'd lose? Your Honor, no. No, why not? Because 191.3B of the regulations, which links to this— Page 30 of your brief, the first sentence of the regulation says drawback claimants are required to correctly calculate the amount of the drawback due. Do you agree that if the regulation stopped after the first sentence, that you'd have to submit a calculation that included both duties and taxes? Your Honor, within three years of export, prior to the law having been changed, no, I don't concede that. Because the correct calculation is based upon the law in effect at the time. No, but that sentence was part of the law in effect at the time when you submitted your claim. Correct, but 191.3B— If so, take my hypothetical. Let's assume the regulation stopped after the first sentence. You would have to submit under that first sentence the calculation including fees and taxes, right? Okay, Your Honor. I will say that the rest of that paragraph did instruct us to— You're not answering my question. Yes, Your Honor. Forget the rest of the paragraph. Yes. Yes, you agree if it stopped at the end of the first paragraph, you'd have to submit a claim that included the duties and the taxes and the fees. To the extent, Your Honor, I can't answer that without adding language to it. No, you can't answer that. We asked hypotheticals. I'm asking you to answer a hypothetical that says that we stopped after the first sentence. I would say, Your Honor, that a correct calculation is based upon the law in effect at the time, and it would have been incorrect for us to submit claims for taxes and fees at the time we filed these claims. Correct does not necessarily complete everything imaginable. We can't imagine what's going to come down the pike ears from now. How could we be required to submit taxes and fee calculations to make our calculations correct? I don't—the word correct is what I struggle with. All right. I think we understand your position. We'll take the case under advisement. We thank both counsels. Thank you.